## GREENWALD and others *v.* APPELL.

*(Circuit Court, D. Colorado.   June 23, 1883.)*

1. STATUTES OF LIMITATIONS.
    Statutes of limitations are statutes of repose, and are enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he has the power to sue.   Such reasonable time is, therefore, defined and allowed.   But the basis of the presumption is gone whenever the ability to resort to the court has been taken away, and in such a case the creditor has not the time within which to bring his suit that the statute contemplated he should have.

2. SAME—BANKRUPTCY—DELAY IN APPLYING FOR DISCHARGE.
    ⸱  Proceedings in bankruptcy amount to an injunction against any proceedings against the bankrupt to enforce his contracts in the courts, but if he delays for an unreasonable time to apply for his discharge, the right of action against him upon his contracts or debts, which was suspended by the commencement of proceedings in bankruptcy, revives, and during the time that the right of action was suspended by the bankruptcy proceedings the statute of limitations will not run in his favor.

McCRARY, J., *(orally.)*    This is an action at law upon certain promissory notes, and also, I believe, upon an open account.    There is a demurrer to the complaint, which raises the question whether the action is barred by the statute of limitations of this state.    The defendant, Appell, was adjudicated bankrupt in the state of Pennsylvania some years ago, and the proceedings in bankruptcy were continued for some years, and are probably still pending; but Appell has never been discharged.

The theory of this suit is that, having delayed for an unreasonable time to apply for his discharge, the right of action against him upon these debts, which was suspended by the commencement of proceedings in bankruptcy, has revived; and the question here is whether, during the time that the right of action was suspended by the bankruptcy proceedings, the statute of limitations of the state of Colorado continued to run in favor of the bankrupt; or, in other words, does the bankruptcy of the debtor suspend the running of the statute of limitations in his favor?    That it suspends the right to sue, by the very terms of the bankrupt act, is not disputed.    After the commencement of proceedings in bankruptcy against the debtor, and after an adjudication in bankruptcy, no suit can be brought against him in any court; certainly, not without the consent of the bankruptcy court.    It amounts, in other words, to an injunction against any proceedings against the bankrupt to enforce his contracts in the courts of the country.    If he is not discharged, then the action revives after the proceedings in bankruptcy are ended.

The old rule upon this subject was very strict, and many authorities have been cited which clearly hold that if the statute of limitations begins to run, nothing will stop its running except something that is expressly provided in the statute itself; and it was formerly

held that even a state of war was not sufficient; that an injunction against the creditor from bringing a suit was not sufficient to suspend the statute, and that it continued to run notwithstanding these things. That rule will be found laid down in Angell & Ames on Limitations, and I think in some other standard authorities. But the more modern rule is otherwise. It has been settled now, by the decisions of the supreme court of the United States, that there are certain exceptions to the statute of limitations other than those which are expressed in the statutes themselves. The old rule has been qualified by later and better rulings, especially in the supreme court of the United States. These later decisions hold that an exception may be allowed where a party is prevented by some superior law or public calamity, such as war, from bringing the suit. The cases growing out of the late rebellion are illustrations of this doctrine. Although none of the statutes of limitations had any exception which applied to the case of a debtor who was within the lines of the rebellion, and therefore beyond the reach of civil process, so he could not be sued, the supreme court, in a series of cases, laid down the doctrine that that was an exception which was created by the necessities of the case. And this exception has been established by the case of *Bailey* v. *Glover*, 21 Wall. 342. That is a case which arose under the bankrupt act of 1867, which has a limitation clause embodied in its second section. That clause provides that no suit at law or in equity shall in any case be maintained, etc., "unless the same shall be brought within two years from the time the cause of action accrued." That is as broad, as sweeping, and comprehensive as any statute of limitations can be made. It applies to suits both in law and in equity; it applies to all classes of suits, and declares that no suit shall be maintained unless it be brought within two years. The question arose whether, under that statute, courts would create an exception in the case of concealed fraud. In an elaborate opinion by Mr. Justice MILLER, the supreme court laid down the rule that this was an exception, notwithstanding the clear and comprehensive terms of the statute itself. The ground upon which these later rulings proceeds is well stated in a sentence which I will read from the case of *U. S.* v. *Wiley*, 11 Wall. 513:

"Statutes of limitations are indeed statutes of repose. They are enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he has the power to sue. Such reasonable time is, therefore, defined and allowed. *But the basis of the presumption is gone whenever the ability to resort to the courts has been taken away.* In such a case the creditor has not the time within which to bring his suit that the statute contemplated he should have."

I think this case falls within that doctrine. The right to sue was undoubtedly suspended during the pendency of proceedings in bankruptcy, and to say that the statute continued to run, would be to say

that the plaintiff is deprived of his right to sue, without the slightest fault on his part.

The demurrer to the complaint is overruled.    Defendant to answer in 30 days.