[No. 4947.]

PATTERSON ET AL. v. THE FORT LYON CANAL
COMPANY ET AL.

1.  Water Rights—Limitation of Actions—Accrual of Right of
    Action.

Plaintiff and others bought certain water rights under deeds providing that when rights were sold and in force equal to the estimated capacity of the system of supply water, the title to the canal system should pass to the owners and holders of such water rights. Plaintiff's water right was initiated in May, 1887, and thereafter and prior to April, 1893, water rights in excess of the capacity of the system were sold, which excess rights plaintiff sought to have cancelled. Held, that plaintiff's right of action accrued immediately after the contracts and deeds conveying such excess rights were issued, and was barred after five years thereafter by 2 Mills' Ann. Stats., §2912, providing that bills for relief in all other cases not otherwise provided for, shall be filed within five years after the cause of action shall accrue. —P. 179.

2.  Same—Trespass—Limitation of Actions—Suspension of Stat-
    ute.

Where holders of excess water rights in a canal system were in possession and were receiving water under deeds and contracts purporting to convey to them an interest in the system, they were not trespassers as against the owners of the original rights within the capacity of the system, so as to suspend the statute of limitations against an action by such original owners to cancel such excess rights, as such action is not one to restrain trespass, but to cancel rights which it is said ought to be annulled because they are in excess of the estimated capacity of the canal system to supply.—P. 181.

3.  Statute of Limitations—Statute of Repose—Protection of
    Statute.

The statute of limitations, after which the one in this state has been copied, has been in existence for nearly three centuries. Experience had demonstrated the necessity of placing a limit upon the time within which certain specified actions

could be brought. The peace and good order of society, the opportunities for commission of frauds, and the difficulty of defending against actions which had accrued many years before they were brought, prompted a policy which resulted in the enactment of a statute of limitations, which is now universally held to be one of repose, prescribing a limit of time within which such actions must be brought; otherwise, they cannot be maintained against parties who see fit to avail themselves of the privilege of the statute.—P. 181.

*Appeal from the District Court of Bent County.*
*Hon. Jesse G. Northcutt, Judge.*

Action by Frank G. Patterson and others against the Fort Lyon Canal Company and others. From a judgment dismissing the action, plaintiffs appealed.
*Affirmed.*

Mr. Jno. R. Smith and Mr. A. M. Lambright, for appellant.

Mr. Charles E. Gast, for appellees.

In July, 1904, action was instituted by appellant Patterson on behalf of himself and others similarly situated, for the purpose of cancelling what is designated as excess water rights in the Fort Lyons Canal Company. To this action the Canal Company and certain individuals were made parties defendant. The individuals made defendants are owners of alleged excess rights. The facts disclosed by the complaint upon which plaintiff relied for the relief sought, so far as necessary to state, are substantially as follows:

There was originally organized what is known as The Arkansas River Land, Reservoir & Canal Company. This was succeeded by the La Junta & Lamar Canal Company. These companies collectively sold water rights largely in excess of the estimated capacity of the canal and reservoir system to supply. The deeds and contracts issued by these

companies provided that when rights were sold and in force equal to the estimated capacity of the system to supply with water, that then the title to the canal system should pass to the owners and holders of such water rights. All parties owning or claiming rights in the system deraigned title thereto through deeds containing this provision. The alleged excess sales were made prior to April, 1893, and water has been, and is being, distributed to the claimants of these excess rights. Thereafter a holder of water rights within the estimated capacity of the canal system commenced an action, which finally culminated in a judgment, adjudging the water right holders the owners of the system, and who, in conformity with the order of the court, organized the Fort Lyon Canal Company, and entered into the possession and control of the property. This company then commenced a suit to cancel certain of the excess water rights. In this action, judgment was in favor of the company, which, on appeal, was affirmed by this court in July, 1903.—*Blakeley v. Fort Lyon Canal Company,* 31 Colo. 224. This judgment was based substantially upon the ground that the purchasers of the excess rights took nothing by their deeds and contracts.

Plaintiff Patterson is the holder of a right within the estimated capacity of the canal system, purchased in 1887, and asks that the remaining excess rights be cancelled. The length of the canal system is upwards of one hundred and thirteen miles, and the number of consumers over six hundred, two hundred of whom, it is claimed, hold alleged excess rights. Plaintiff alleges that he does not know, and cannot obtain without unusual effort, the names of all the owners of the legal rights in the canal. For that reason, he asked an order requiring the Canal Company to furnish a list of the names and addresses of the owners of all rights in the system, des-

ignating those who were holders within the estimated capacity of the canal, and those without, in order that he might join these parties as plaintiffs or defendants, as may be necessary and proper. The prayer of the complaint is for a decree ascertaining who are the true owners of the canal; that all persons claiming water rights thereunder be made parties to the suit; that it be ascertained what water rights are legal and entitled to share in the distribution of water from the canal; and that all rights in excess of the estimated capacity of the canal system be cancelled. The complaint is quite voluminous, but we think the foregoing sufficiently presents the one question we shall determine, namely: Whether or not the action is barred by the statute of limitations. The defendants raised that question below by demurrer, which was sustained, and the action dismissed.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

Our statute of limitations makes special provision as to the time within which certain specified actions shall be brought, and for the purpose of providing for those actions not specially designated provides that "bills of relief  *  *  *  in all other cases not herein provided for shall be filed within five years after the cause thereof shall accrue, and not after."—2 Mills' Ann. Stats., § 2912. This is the statute invoked on behalf of the appellees. Counsel for appellants contend that this statute is not applicable to the facts stated in the complaint. The statute of limitations begins to run from the time when the plaintiff's cause of action accrues.—19 Am. & Eng. Enc. Law (2d ed.), 193. This rule is never questioned, but the difficulty lies in determining when the cause of action is to be deemed as having accrued. The important question, then, is, when did the cause

of action instituted by plaintiff on behalf of himself and others similarly situated accrue?

Plaintiff Patterson's right was initiated by purchase in May, 1887. Subsequently, and prior to April, 1893, the alleged excess rights—that is, those rights in excess of the estimated capacity of the canal—were sold and evidenced by contracts or deeds. What, then, was the earliest date at which an action might have been maintained by plaintiff or his grantors, to annul or set aside these contracts and deeds, or to enjoin the distribution of water thereunder? We think there can be but one answer to this inquiry, namely: Immediately after these contracts and deeds were issued. They purported to convey an interest in the canal system. If they did not, it was because there was none to convey. They were not null and void; but whether they conveyed an interest, depended upon conditions existing at the time they were executed and delivered. The right of plaintiff or his grantors to raise this question by an appropriate action accrued not later than April, 1893, or more than eleven years prior to the date when this action was instituted in the court below; and we are, therefore, of the opinion that the statute invoked on behalf of the appellees is clearly applicable to the facts of this case.

It is also suggested by counsel for appellants that it was neither the right nor the duty of the plaintiff to institute his action until after the decision of this court in *Blakeley v. Fort Lyon Canal Co., supra,* because, prior to that decision, it was not known what the relative rights of the purchasers within the estimated capacity of the canal and those in excess of such capacity would be. Certainly, this contention is without merit. The decision of this court in the case referred to gave the parties no new rights, but merely determined what they were under the con-

tracts and deeds of purchase. They were no different under that decision than before. The rights of the parties before the court were adjudicated, but this adjudication added nothing to, nor took anything away from those who were not parties to that action.

It is also urged that, because of the pendency of the action which was finally determined in *Blakeley v. Canal Co., supra,* that the plaintiff and others similarly situated were excused, as we understand the argument of counsel for appellants, from beginning an action at an earlier date to cancel the excess rights of parties not before the court in that suit. We do not see how this contention can have any application as against the statute of limitations. Possibly it might be a proper matter to consider in case the defense in this case was merely one of *laches;* but, aside from this, when it must have been known by plaintiff that the action on the part of the Canal Company was only to annul a portion of the excess rights, it was his duty, as well as his privilege, if the Canal Company refused to include others, by some appropriate action, to have compelled the company to include all holders of excess water rights.

Finally, it is urged by counsel for appellants that the statute of limitations does not apply to this action, because they and others similarly situated have at all times been the owners, and in possession, of the canal system; that the holders of excess rights were, in effect, trespassers, and that the statute of limitations does not run against owners in the peaceable possession of their property, because, at times, some one else invades their rights. This proposition is not applicable to the facts of this case. All the individual parties defendant to the action instituted by plaintiff in connection with their co-owners have been in possession of the system and supplied with

water therefrom for more than eleven years. The holders of excess rights have not been trespassers, but claimants *pro tanto* in the canal system under deeds and contracts purporting to convey them an interest therein So far as this case is concerned, all appear to have been treated alike in the distribution of water. The action is not to restrain a trespass, but to cancel rights which it is said ought to be annulled because they are in excess of the estimated capacity of the canal system to supply. These rights, as we have said, were initiated at the time the contracts or deeds were issued therefor. In order to obtain a judgment cancelling them, it would be necessary for the plaintiff to go back of a period which the statute of limitations says he shall not.

The statute of limitations after which the one in this state has been copied has been in existence for nearly three centuries. Experience had demonstrated the necessity of placing a limit upon the time within which certain specified actions could be brought. The peace and good order of society, the opportunities for the commission of frauds, and the difficulty of defending against actions which had accrued many years before they were brought, prompted a policy which resulted in the enactment of a statute of limitations, which is now universally held to be one of repose, prescribing a limit of time within which actions must be brought; otherwise, they cannot be maintained against parties who see fit to avail themselves of the privilege of the statute.—19 Am. & Eng. Enc. Law (2d ed.), 146; *Greenwald v. Appell,* 17 Fed. 140.

The wisdom of such a statute is clearly evident in this case. The canal of the defendant company is upwards of one hundred and thirteen miles in length. According to the complaint, there are more than six hundred consumers supplied with water from the

canal system. Large sums must necessarily have been expended by these consumers and their grantors in the improvement of farms and the establishment of homes. By the action instituted by plaintiff, all the water rights are attacked, because it is the purpose of that proceeding to enter upon an inquiry to ascertain which are within, and which are without, the estimated capacity of the canal system to supply. This means a large expenditure of money in the way of expenses; but above all, would result in rendering the title to these rights unstable and uncertain until the questions which the plaintiff proposes to open and have adjudicated were finally adjusted. This would seriously affect the interests of the major part of the population of three counties. It is fairly deducible from the complaint that the holders and claimants of rights in the canal system have been such holders by themselves and through their grantors for many years last past; that during this period they have been applying water to their lands, deraigning title to exercise this right through deeds and contracts which were executed and delivered prior to April, 1893, that since that date, they have been recognized as owners in the property, but now, if this action can be maintained, these rights, which, by lapse of time they doubtless deemed secure, will be unsettled, and may be destroyed. Certainly, these conditions should not be permitted to be brought about, or title to valuable rights shaken, if, in any legal way, this can be avoided. Our statute of limitations was enacted to prevent the maintenance of actions which would have this effect.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.