## JOHN W. AIRY, Appellant, v. CHARLES G. SWINFORD, Respondent.

### Kansas City Court of Appeals, April 3, 1911.

1. **JUDGMENTS: Reviver: Scire Facias: Justices of Peace.** Plaintiff obtained judgment against defendant, May 14, 1883, in a justice court. On May 22, 1908, a scire facias to revive the judgment was sued out. Soon after the rendition of the judgment, defendant left the county and state, and his whereabouts were unknown to plaintiff until a short time before the institution of these proceedings. *Held*, that the absence of defendant from the state did not suspend the running of the statute (sec. 3008, R. S. 1899), sec. 7212, R. S. 1909, which provides "that no judgment (of a justice court) shall be revived after the lapse of twenty years from the rendition thereof."

2. ———: ———: ———. Inability to serve process upon defendant during his absence from the state is no excuse for not commencing the action to revive within the prescribed period.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*P. L. Growney* for appellant.

*John M. Dawson* for respondent.

BROADDUS, P. J.—This is a proceeding begun in a justice court to revive a justice's judgment. An appeal was taken to the circuit court where the defendant recovered and the plaintiff appealed.

The judgment sought to be revived was rendered May 14, 1883. The scire facias to revive the judgment was sued out May 22, 1908, twenty-five years after the date of the judgment. The plaintiff introduced evidence to the effect that soon after the rendition of the judgment the defendant left the county and state and that his whereabouts were unknown to plaintiff until a short time before the institution of this proceeding.

The defendant testified that he left Nodaway county in December, 1883, and went to Jackson county, Kansas, and lived there six or seven years; from there he moved to Joplin, Missouri, where he resided twelve years, when he moved back to Nodaway county in 1902; that during his non-residence of the county of Nodaway he visited it about once a year. A jury trial was waived and the cause submitted to the court.

The question raised by the appellant is whether under the circumstances the statute limiting the time within which a judgment of a justice can be revived after the expiration of twenty years is a bar to his right to recover. Sections 3000, 3003, 3004, 3005 and 3008, Revised Statutes 1899, in force at the time of the rendition of the original judgment provide for and regulate the manner in which judgments of justices may be revived. Section 3008 limits the time in which such revivals may be made; it reads as follows: "A judgment

once revived may again be revived in the same manner and with like effect, as the first revival was had; provided, that no judgment shall be revived after the lapse of twenty years from the rendition thereof, or from the date such judgment may have been revived as heretofore provided."

As the statute does not provide for service of citation to defendants in such judgment, other than personal service, it is the contention of appellant that as the defendant was a non-resident of the county where the judgment was rendered for nineteen years, the statute did not begin to run until after he again became a resident of such county.

Notwithstanding the language of the statute limiting the time within which such judgments may be revived, and the absence of any provision that in case of the non-residence of the defendant from the state the running of the statute would be suspended during such non-residence, the appellant contends that by virtue of the common law, the time within which the revival was to be had, did not begin to run until defendant's return to the state. This is a misapprehension of the common law, as it has been expressly held otherwise.

The question came before the King's Bench in Hall v. Wyborn, 1st Shower, 98, wherein the court held that absence from the realm did not prevent the running of the Statute of Limitations. The Supreme Court of the United States in Amy v. Watertown, 130 U. S. 320, uses the following language: "Inability to serve process on a defendant has never been deemed an excuse for not commencing an action within the prescribed period. The Statute of James made no exception to its operation in case where the defendant was out of the realm, and could not be served with process. Hence the courts held that absence from the realm did not prevent the statute from running." The court cites as authority

Hall v. Wyborn, supra, and Wilkinson on Limitations, 40.

The appellant relies upon the case of United States v. Wiley, 78 U. S. 508, but the holding in that case does not by any means sustain his contention. The court there holds that the effect of the rebellion was to suspend the running of the Statute of Limitations during its continuance. The suit was on a marshal's bond and defendants were actual residents of the State of Virginia, it was not, therefore, a case of absence from the realm. The holding was based upon the theory that during a state of war the courts were suspended, therefore, the plaintiff was deprived of the power of instituting his suit.

In Cobb v. Houston, 117 Mo. App. l. c. 653, the court holds that, "the plaintiff's inability to successfully prosecute a suit on his judgment during the period of the defendant's absence, by necessity stopped the running of the Statute of Limitations at common law." The court seems to base its conclusion on the case of United States v. Wiley, supra, and Amy v. Watertown, supra. It is not necessary to repeat that they do not bear the interpretation the court evidently concluded they did.

The case of Braum v. Sauerwein, 77 U. S. 218, was where the plaintiff was disabled by a superior power to sue, in which the court held that the running of the Statute of Limitations may be suspended though such a cause was not mentioned in the statute itself. Other cases upon which appellant relies we deem inapplicable to the question. The respondent has raised a question as to certain irregularities in the appeal, but we think they should be disregarded, as they are entirely technical.

For the reasons given the judgment is affirmed. All concur.