This is an appeal by the supervisor of the inheritance tax and escheat division of the state of Washington from a decree adjudging property held by an administrator to be the property of a claimant thereto by virtue of a gift causa mortis from the decedent.
The facts found by the court, so far as they are material here, may be summarized as follows: Joe Bailey, a bachelor and without relatives, died intestate in San Francisco, California, on March 21, 1927. The property acquired and still owned by him just prior to his death consisted of three bank accounts, two of them with banks in San Francisco and the third with the National Bank of Commerce of Seattle. His bank books were kept by him in a safe-deposit box in San Francisco.
For thirty years prior to his death, Bailey and John Brewster, the claimant herein, had been intimate friends. During a portion of that period, they had worked together in various parts of Alaska. For some time prior to his last illness, which covered a period of about a month, Bailey had been afflicted with heart trouble and other complications. About ten days before his death, and while confined in a hospital in San *Page 175 
Francisco, he conversed with one of the witnesses herein relative to his property, and at that time stated that he wanted everything that he had to go to John Brewster. He also expressed his desire that his bank accounts be transferred to Brewster, and requested that proper cards be obtained for that purpose. Acting upon his request, the witness procured the necessary cards from the two San Francisco banks.
On March 19, 1927, at the hospital and in the presence of the same witness, Bailey signed cards of the two San Francisco banks, transferring his accounts therein into joint accounts of himself and Brewster, payable to either of them or his survivor. One of the cards bore the inscription, "Please have the account at Seattle changed also," which inscription was placed on the card at the direction and request of Bailey. Knowing that he was about to die, but in full possession of his faculties, Bailey then handed the signed cards, together with the key to his safe-deposit box, to Brewster, expressing himself to the effect that he was thereby making a gift of the bank deposits to Brewster. Two days later Bailey died.
Two suits relative to Bailey's estate were subsequently instituted in California. In those suits, there were involved the validity of the alleged gift causa mortis, the competency of Bailey, and the title of John Brewster to the deposits in the California banks. Those questions were determined in Brewster's favor.
In the meantime, probate proceedings had been begun in Seattle, and the National Bank of Commerce, on its own petition, was appointed administrator of Bailey's estate in Washington. These proceedings, however, were without the knowledge or consent of Brewster. It also appears that the National Bank of Commerce did not have any knowledge of the pending litigation in California. The local proceedings resulted *Page 176 
in a final decree of distribution on May 2, 1929, whereby the remainder of the estate involved herein, amounting to $1,880.52, escheated and was paid to the state of Washington. Later, upon information received and investigation made, the inheritance tax and escheat division of Washington recommended that an appropriation be made by the legislature in the above amount to the substituted administrator of the estate. The legislature thereupon passed an act, making the appropriation as recommended. That act became effective March 21, 1933.
Upon these findings, the court concluded and decreed that Brewster was entitled to recover the money from the administrator, free from any claim on the part of the state of Washington.
[1] The appellant assigns a number of errors. Four of the assignments are based upon the findings of the court and relate to the sufficiency of the evidence to establish a gift causamortis. We think that the evidence was ample to support the findings in that respect.
[2] In some particulars, the findings were not entirely accurate, but the inaccuracies do not affect the result. An erroneous finding of fact by the court which does not materially affect the merits of the controversy does not constitute prejudicial error and is not ground for reversal. Townsend Gas Electric Light Co. v. Hill, 24 Wn. 469, 64 P. 778.
[3] Under the fifth assignment of error, appellant contends that the appropriation made by the legislature was unconstitutional and invalid. The portion of the appropriation act material here reads as follows:
"Sec. 2. The following sums . . . are hereby appropriated out of any of the monies in the several funds in the state treasury hereinafter named . . . *Page 177 
for miscellaneous purposes hereinbelow designated and mentioned and hereinafter expressed . . .
 "FROM THE GENERAL FUND. . . .
"For the administrator of the estate of Joe Bailey, deceased. Refund of cash escheated to state . . . $1,880.52." Ch. 190, Laws of 1933, pp. 848, 865, 866.
Appellant argues that the act does not distinctly specify the object to which the appropriation was to be applied, as required by the eleventh amendment to the state constitution.
Courts will not inquire into the validity of an act of the legislature unless the invalidity appears on the face of the act or from facts of which the court may take judicial notice. Stateex rel. Govan v. Clausen, 108 Wn. 133, 183 P. 115; State exrel. Lister v. Clausen, 108 Wn. 146, 183 P. 120; State exrel. Trenholm v. Yelle, 174 Wn. 547, 25 P.2d 569. The act in question is fair upon its face, and, as we view it, explicitly indicates the purpose and object for which the appropriation was to be used. We hold that the act does not offend the constitution.
[4] Appellant next contends that the three-year statute of limitations had run against Brewster's claim. Assuming that the statute is applicable to a claim of this kind, it nevertheless appears, under a somewhat peculiar state of facts, that the full time necessary to bar the claim had not expired. Conceding that the running of the statute began on March 19, 1927, the day on which the gift was made, the operative force of the statute was suspended when the decree of distribution was entered on May 2, 1929, for on that date the administrator lost possession of the funds. The decree of distribution became binding upon the world and upon Brewster, from that time forth, and the administrator was then no longer subject to an action or proceeding for the recovery of the funds, *Page 178 
until and unless he in some way became repossessed of them. Brewster then could no longer resort to the courts for the enforcement of a right; he could only apply to the state for relief as a matter of grace.
When the ability to sue is taken away, the statute of limitations is tolled. Statutes of limitations do not affect the right but simply the remedy for the assertion of the right in court. They are founded on the theory that one having a cause of action will enforce it within a reasonable time if the courts are open to him. But that presumption ceases when the remedy for the assertion of the right ceases. Hence, when Brewster was deprived of the right to resort to the courts, the running of the statute stopped. Braun v. Sauerwein, 77 U.S. 218, 19 L.Ed. 895; UnitedStates v. Wiley, 78 U.S. 508, 20 L.Ed. 211; Broadfoot v.Fayetteville, 124 N.C. 478, 32 S.E. 804, 70 Am. St. 610; SanFrancisco Savings Union v. Irwin, 28 Fed. 708; Devereaux v.City of Brownsville, 29 Fed. 742; United States v. Raiche,31 F.2d 624. The situation under the facts before us presents an exception to the general rule that, the statute having once attached, the period will continue to run and will not be suspended by a subsequent disability.
When the appropriation act became effective on March 21, 1933, the statute resumed its operative force. On that date, the administrator of the estate became vested with the funds, and the right of Brewster to prefer his claim revived. By mathematical computation, it appears that the length of the operative period of the statute prior to the decree of distribution, added to its operative period subsequent to the appropriation act, is considerably less than three years. Hence, the claim was not barred by the statute of limitations. *Page 179 
 [5] Appellant's final assignment of error is that the decree of distribution escheating the property to the state is binding upon Brewster, and that he may not, by this proceeding, subvert it. As has already been stated, it is the general rule that a decree of distribution is binding on the whole world, but, under the facts of this case, the decree had spent its force when the appropriation act became effective. Having received the property by escheat under the decree of the court, the state could thereafter do with it as it saw fit. The sovereign authority, having the right of inheritance by escheat, likewise has the power to relinquish such right and to vest elsewhere the property thus obtained. Gresham v. Rickenbacher, 28 Ga. 227.
Deeming that it was not justly entitled to the money, under the showing made to it, the state, through its legislative body, voluntarily relinquished to the administrator the rights that it had obtained through the decree. By its act, it made the property subject to a further decree and disposition by the court. Having elected to relinquish its original rights under the decree, the state chose to subject itself to a further contest in the courts relative to the future distribution of the property. In that contest, the court, after a full hearing, found that a giftcausa mortis had been made by the decedent to John Brewster. The state, therefore, cannot now rest its claim upon a former decree, the fruits of which it deliberately relinquished, nor can it assert the invalidity of a subsequent decree which it invited.
The decree is affirmed.
BEALS, C.J., MAIN, MITCHELL, and BLAKE, JJ., concur. *Page 180