[No. 25106.   Department One.   July 13, 1934.]

ROSE LEARN *et al., Respondents,* v. D. H. DOWNING *et al., Appellants,* PAUL NELSON *et al., Respondents.*[1]

*Edgar C. Snyder,* for appellants.

*Wright & Wright (Felix Rea,* of counsel), for respondents.

STEINERT, J.—This is an action to forfeit a real estate contract and to quiet title to the property therein

[1]Reported in 34 P. (2d) 885.

described. From a decree granting the relief prayed for, the vendees named in the contract have appealed.

The matter is before us upon a short record, without a statement of facts, and the only question involved is whether the findings support the decree. The court found, first, that, at all times mentioned in its findings, the respondents Learn were the owners of the legal title to the property, through mesne conveyances from the United States government. The court then found that, on February 20, 1928, respondents Nelson, *the then owners* of the land, entered into a written contract with appellants, wherein the Nelsons agreed to sell and the appellants agreed to purchase the same property for the sum of $1,700, of which $275 was paid in cash and the balance of $1,425 was to be paid at the rate of $20 per month, the purchasers also to pay the taxes and assessments. The contract recited that "said land shall be conveyed by a good and sufficient warranty deed to said purchaser when said purchase price shall be fully paid." It will be noted that the contract did not call for a deed direct from the vendors to the vendees.

The contract further recited that it was subject to the terms and conditions of a prior contract, dated January 16, 1928, between Jonathan McBrien, vendor, and Paul Nelson, vendee, and, specifically, that the earlier contract was to be maintained in good standing from payments on the latter contract. We shall hereinafter designate the contract between McBrien and Nelson as the McBrien contract, and the one between Nelson and Downing as the Downing contract. It was provided in the Downing contract that time was of the essence thereof.

The court further found that, on November 12, 1930, the respondents Nelson, by deed, conveyed the prop-

erty to respondents Learn, subject, however, to the Downing contract; that, thereafter, appellants had failed and refused to make the payments due on the Downing contract, also four years' taxes and certain road assessments, and that, at the time of the institution of the present suit, appellants were delinquent on their payments in the principal sum of $361.46 and interest in the sum of $83.58. The court also found that respondents Learn had duly served upon appellants notice of their intention to forfeit the Downing contract, and that appellants had failed and *refused* to make any of the payments due thereon. Finally, the court found that there was no necessity resting on the respondents to tender specific performance of the Downing contract, because appellants had not made the payments required of them, but that, if appellants had made their payments, a good and sufficient title could have been given to them.

Recapitulating the facts with reference to the various interests in the property according to their chronological order, it will be observed that McBrien entered into a contract with respondent Nelson, that the Nelsons then entered into a contract with the appellants, and that subsequently the Nelsons executed a deed to the Learns, subject to the Downing contract.

In their brief, appellants call our attention to certain inaccuracies in the court's findings, wherein it was stated that the legal title to the land was at all times in the respondents Learn. These inaccuracies are immaterial, however, and do not affect the validity of the findings as a whole. Such inaccuracies will, therefore, be disregarded. *In re Bailey's Estate, ante* p. 173, 34 P. (2d) 448.

Appellants' sole assignment of error is that the court erred in holding that no tender of perform-

ance by respondents was necessary as preliminary to an effective declaration of forfeiture. Although the record does not disclose whether all of the payments due under the Downing contract had matured at the time that the notice of forfeiture was given, we shall assume, for the sake of argument, that such was the case.

It is undoubtedly the general rule in this state that, where all sums payable under an executory contract of sale have become due, forfeiture may not be declared by the vendor unless a proper deed is tendered at the time of forfeiture. *Carter v. Miller,* 155 Wash. 14, 283 Pac. 470. But the facts of this case do not bring it within that rule. As has already been pointed out, the Downing contract contained an express provision to the effect that the McBrien contract was to be kept in good standing from appellants' payments on the Downing contract. In order to tender a good and sufficient deed to appellants, respondents would first have to obtain a similar deed from McBrien. To secure such deed from McBrien, however, it was necessary to pay up the McBrien contract. In so far as appellants were concerned, the payments on the McBrien contract depended upon appellants' first making their payments on the Downing contract. In other words, it was necessary for appellants to make their payments in order that a deed from McBrien could be secured and a connected chain of title be thereby properly perfected.

The court specifically found that, had appellants made their payments, a good and sufficient title could have been given to them. Appellants, however, refused to make their payments, and, by their refusal, were instrumental in preventing respondents from obtaining the necessary deed from McBrien. They can not, therefore, complain of that for which they themselves are responsible. They can not insist upon

the specific performance of an act which, under their own agreement, was dependent for its performance upon an act to be first performed by themselves.

The decree is affirmed.

BEALS, C. J., MILLARD, MAIN, and MITCHELL, JJ., concur.