## DOMINGUEZ v. UNITED STATES et al.

No. 239 of 1946.

United States District Court
E. D. Pennsylvania.

Feb. 24, 1949.

Stark & Goldstein, of Philadelphia, Pa., for libellant.

Gerald A. Gleeson, U. S. Atty. and Krusen, Evans & Shaw, all of Philadelphia, Pa., for respondent.

FOLLMER, District Judge.

On October 21, 1946, libellant filed a libel in personam against respondent alleging,

inter alia, that in March 1946, while a member of the crew of the Steamship "John L. Elliott", at that time operated for the account of the United States of America and the War Shipping Administration as a merchant vessel under an agreement made between War Shipping Administration and Stockard Steamship Corporation, he was assaulted by two officers of the vessel, and at another time, to wit, May 14, 1946, sustained an injury when he fell on the vessel's gangway, all through the negligence and carelessness of respondent. He avers that he is entitled not only to damages but also to wages, maintenance and cure, and the value in money of clothing and gear which were allegedly withheld from him following his separation from the vessel.

Respondent in due course filed its answer and promptly thereafter in January, 1947, filed interrogatories addressed to libellant, under General Admiralty Rule 31, 28 U.S. C.A. These interrogatories remain unanswered up to the present time.

On June 21, 1948, respondent moved to compel answers to interrogatories and the production of libellant for medical examination. The motion came on for hearing before Judge Bard, who continued the case until the September Argument Court.

At the September Argument Court, argument was heard before Judge Kirkpatrick, who orally ordered that answers to the interrogatories should be filed within ninety days from the date of the argument. The ninety day period ended about the middle of December 1948. Two additional months have passed and the interrogatories still remain unanswered.

At the present argument, counsel for libellant stated that the last he had heard from libellant was by letter from him dated October 12, 1947; that the letter came from the "Campo Concentramento" in Italy; that he assumed this to be a concentration camp; that the last effort he made to locate libellant was by letter forwarded in June 1948; that he has made no effort whatsoever since that time to communicate with libellant in spite of the fact that the matter was before Judge Bard in June 1948, continued to September, when it came before Judge Kirkpatrick, at which time libellant was directed to file answers to the interrogatories within ninety days.

The Suits in Admiralty Act [1] under which this suit has been brought provides that all suits thereunder shall be brought within two years after the cause of action arises.

■ Statutes of limitation are statutes of repose.[2] They "find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." [3]

■ Had libellant waited until the present time to institute his suit he would have been completely barred from proceeding thereon, as no right of action would then exist against the United States.[4] By instituting his action as he did, he tolled the statute. However, he cannot by so doing fold his hands, ignore the specific mandates of the court, and require the court and the respondent to await his convenience.

The request for answers to interrogatories was made in conformity with General Admiralty Rule 31. The answers have not been filed, although a period in excess of two years have elapsed and the urgency of the same specifically called to attention of counsel for libellant by two separate appearances before the court. The libellant has slept on his rights and for this the respondent should not be prejudiced.

Respondent has moved under General Admiralty Rule 32C(d) for dismissal of the action.

For reasons above stated, motion of respondent is granted.

Suit dismissed.

[1] 46 U.S.C.A. § 745.

[2] United States v. Wiley, 78 U.S. 508, 11 Wall. 508, 20 L.Ed. 211.

[3] Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628.

[4] Osbourne v. United States, 2 Cir., 164 F.2d 767; Kruhmin v. United States, D. C.E.D.Pa., 81 F.Supp. 689.