IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Detention of E.M., | ) | No. 70864-3-I |
| STATE OF WASHINGTON, | ) ) ) | DIVISION ONE |
| Respondent, | ) ) | |
| v. | ) ) | |
| E.M., | ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: January 26, 2015 |

BECKER, J. — Where a court orders involuntary treatment with anti-psychotic medication and erroneously fails to strike the "substituted judgment" portion of the supporting findings of fact and conclusions of law, the inclusion of that finding is harmless error if it does not materially affect the conclusions of law. We affirm.

This case arises out of the involuntary commitment of a minor, E.M. The minor was initially committed in April 2013, at the age of 16. In May 2013, the court signed an order releasing her to participate in outpatient care. In June 2013, the State filed a petition to revoke the order authorizing outpatient care on the ground that E.M. had failed to comply with the terms of her release. In conjunction with this revocation hearing, her treating psychiatrist at Children's Hospital petitioned for an order compelling the administration of an antipsychotic

medication. E.M. opposed compelled medication on the ground that she believed the medication did not help her. The trial court held a hearing on both the revocation and the compelled medication petitions on August 16, 2013. At the conclusion of that hearing, the court revoked the order authorizing outpatient care and granted the petition for compelled medication. E.M. appeals only the order compelling medication.

Involuntarily committed patients have the right to refuse the administration of antipsychotic medication. RCW 71.05.217; RCW 71.34.370. The administration of antipsychotic medication shall not be ordered unless the petitioning party proves by clear, cogent, and convincing evidence that (1) there exists a compelling state interest that justifies overriding the patient's lack of consent to the administration of antipsychotic medications or electroconvulsant therapy; (2) the proposed treatment is necessary and effective; and (3) medically acceptable alternative forms of treatment are not available, have not been successful, or are not likely to be effective. RCW 71.05.217(7)(a). If a court enters an order compelling medication, it shall make specific findings of fact concerning (i) the existence of one or more compelling state interests, (ii) the necessity and effectiveness of the treatment, and (iii) the person's desires regarding the proposed treatment. RCW 71.05.217(7)(b).

If the patient is unable to make a rational and informed decision about consenting to or refusing the proposed treatment, the court shall make a substituted judgment for the patient as if he or she were competent to make such a determination. RCW 71.05.217(7)(b).

The court entered a compelled medication order and a separate document containing the court's findings of fact and conclusions of law. The document containing the findings of fact and conclusions of law appears to be a form document with blanks and boxes to be checked and filled in as appropriate in the particular case. Among the findings on the form was one stating that the court was making a substituted judgment:

> The Respondent would consent to being treated with anti-psychotic medication if the Respondent were capable of making a rational decision concerning treatment, and this Court is hereby substituting its judgment for that of the Respondent.

E.M. contends this finding was erroneous because there was no evidence that she was incapable of making a rational and informed judgment. E.M. asserts that the issue is not moot because it is capable of repetition yet evading review. The State does not argue that the case is moot. The State concedes that the substituted judgment finding was erroneous.

Under RCW 71.05.217(7)(b), a trial court need not make a substituted judgment finding in the absence of evidence that the respondent is incapable of making a rational decision concerning treatment. Such a finding is not necessary to support an order compelling administration of antipsychotic medication. Here, the record does not contain evidence that E.M. was unable to make a rational and informed judgment. The conclusion of law supporting involuntary treatment does not mention substituted judgment. And the court's oral ruling does not reflect any intention by the court to find that E.M. was incapable of making a rational decision or to substitute the court's judgment for E.M.'s.

We are satisfied that the trial judge inadvertently failed to strike an unnecessary finding from a form document submitted by the State. We accept the State's concession that the substituted judgment finding is erroneous.

E.M. contends the error requires that the order compelling medication be vacated. The State contends the order can be affirmed because the error was harmless. An erroneous finding of fact not materially affecting the conclusions of law is not prejudicial and is therefore harmless error. State v. Caldera, 66 Wn. App. 548, 551, 832 P.2d 139 (1992), citing In re Bailey's Estate, 178 Wash. 173, 176, 34 P.2d 448 (1934). Because the substituted judgment finding did not materially affect the conclusions of law, the error was harmless.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, C.J.