[No. 15441. Department Two. August 6, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Alma Lister, Executrix etc., Plaintiff,* v. C. W. CLAUSEN, *as State Auditor, Respondent.*[1]

STATES (26, 27)—APPROPRIATIONS — REQUISITES — OPERATION AND EFFECT. The courts cannot inquire into the motives or impeach the judgment of the legislature in appropriating in the general appropriation bill the sum of $5,000 for the relief of Governor Lister, notwithstanding the nature of the service or value given to the state is not stated in the bill.

Application filed in the supreme court July 7, 1919, for a writ of mandamus to compel the state auditor to issue a warrant to the relator. Granted.

*Hayden, Langhorne & Metzger,* for relator.

*The Attorney General,* for respondent.

PARKER, J.—The relator seeks a writ of mandate from this court to compel the state auditor to issue his warrant for the sum of $5,000 against the general fund of the state, payable to her as executrix of the last will and testament of Ernest Lister, deceased, resting her claim thereto upon an item in the general appropriation act passed by the legislature of 1919, reading as follows:

"FROM THE GENERAL FUND

"For the relief of Ernest Lister........$5,000.00"
Laws of 1919, p. 687.

It is admitted that, since the passage of that act, Ernest Lister has died, and that the relator is now the duly appointed and qualified executrix of his last will and testament, with power to administer the whole of his estate. Our recent decision in the cases of *State ex rel. Govan v. Clausen* and *State ex rel. Ryd-*

[1]Reported in 183 Pac. 120.

*strom v. Clausen, ante* p. 133, 183 Pac. 115, wherein the question of the validity and constitutionality of similar appropriations was involved and reviewed at length, is, we think, controlling of the law of this case. The only difference between this appropriation and the ones involved in those cases is that, in those appropriations, Laws of 1919, p. 299, ch. 128, the nature of the service rendered to the state by the ones to whom the relief was granted was briefly stated in the act of appropriation; while in this appropriation the nature of the service or value given to the state by the one to whom the relief is granted is not stated in the act of appropriation. We think, however, that the reasons given in that decision for the sustaining of the appropriations are equally applicable and controlling in favor of the relator in this case. We conclude that the writ must be granted as prayed for. It is so ordered.

HOLCOMB, C. J., MAIN, BRIDGES, and MACKINTOSH, JJ., concur.