[No. 37502.    Department One.    November 5, 1964.]

ALTON V. PHILLIPS Co., *Appellant*, v. THE STATE OF WASHINGTON, *Respondent.*[*]

*Reported in 396 P. (2d) 537.

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen,* for appellant.

*The Attorney General* and *Edward E. Level, Assistant,* for respondent.

HUNTER, J.—On July 8, 1958, the Alton V. Phillips Co., Inc., plaintiff (appellant), contracted with the state of Washington, defendant (respondent), to construct two main piers (numbered 2 and 3) for a highway bridge across the Columbia River at Beebe, east of Chelan. Plaintiff alleges that during the course of construction subsurface physical conditions were encountered at the site of Pier 2 which differed materially from those contemplated in the contract, and that the excavation was much more difficult than had been anticipated. Plaintiff further alleges that these changed conditions resulted in additional costs of $147,365.82, of which $41,991.24 was for additional excavation costs at Pier 2; $97,322.48 for replacement of a cofferdam which gave way during the Columbia's high-water runoff; and $8,052.10 for liquidated damages which the State Department of Highways deducted from final payment. The contract provided for such damages in event of delay. It is plaintiff's contention that but for the unforeseen excavation difficulties the job would have been completed without delay and before the high-water runoff; hence, the original cofferdam would not have failed and there would have been no liquidated damages assessed.

The contract provided for an equitable adjustment in event of changed conditions, but the State Department of Highways rejected plaintiff's claim on the ground no changed conditions were present. Plaintiff then commenced a cause of action against the state of Washington in the

Superior Court for Thurston County, which cause (No. 33425) was dismissed with prejudice on April 13, 1962.

The legislature subsequently enacted chapter 248, Laws of 1963, which authorized plaintiff to maintain suit against the state on its claim for equitable adjustment of the contract price, based on the changed conditions, and notwithstanding the statutes of limitation which were held to bar the action in cause No. 33425. Chapter 248 provides:

"RELIEF OF ALTON V. PHILLIPS COMPANY.

"An Act providing for the relief of Alton V. Phillips Company.

"Be it enacted by the Legislature of the State of Washington:

"SECTION 1. Alton V. Phillips Company, contractor under contract 5887 on state secondary highway 10-D, Columbia river bridge at Beebe, Piers 2 and 3, is hereby authorized to maintain in the superior court of the state of Washington for Thurston county an action on an alleged claim for an equitable adjustment of the contract price based upon the contractor having encountered subsurface physical conditions at variance with those shown by or indicated upon the contract drawings; notwithstanding any time limitations now existing upon the filing of claims or the institution of actions. The action authorized by this act must be commenced within thirty days following the effective date of this act and shall proceed in all respects as other actions, excepting only for the waiver herein of the aforementioned time limitations."

In pursuance of the enactment the plaintiff commenced cause of action No. 34890 within the specified 30 days following the effective date of the act. The trial court dismissed the action on the grounds that the prior suit (cause No. 33425) involved the same parties and issues as the present action, and that chapter 248 Laws of 1963, violates subsections 6 and 17 of Art. 2, § 28, of our state constitution, which provide:

"The legislature is prohibited from enacting any private or special laws in the following cases:

"  .  .  .

"6. For granting corporate powers or privileges.

"  .  .  .

"17. For limitation of civil or criminal actions."

The plaintiff appeals.

■ The trial court did not consider whether the enactment contravened the special privileges and immunities provision of Art. 1, § 12, of our state constitution, which provides:

"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

However, as a ground in support of the defendant's motion for dismissal, it was asserted that this provision of our constitution was violated and the issue was raised and argued by both parties in this court. We may therefore consider this provision of our constitution in the disposition of this appeal. *State v. Williams,* 64 Wn. (2d) 842, 394 P. (2d) 693 (1964).

■ In *State ex rel. Bacich v. Huse,* 187 Wash. 75, 59 P. (2d) 1101 (1936), we said:

"The aim and purpose of the special privileges and immunities provision of Art. 1, § 12, of the state constitution and of the equal protection clause of the fourteenth amendment of the Federal constitution is to secure equality of treatment of all persons, without undue favor on the one hand or hostile discrimination on the other."

Chapter 248, Laws of 1963, grants to the plaintiff, a private litigant, special recourse to the courts—a privilege which does not belong equally on the same terms to all persons and corporations in the state, similarly situated. The purpose of the constitutional provisions, as stated in *Huse,* is clearly to strike down such legislation.

■ The reasoning in *Sirrine v. State,* 132 S. C. 241, 128 S. E. 172 (1925), is particularly applicable. There, a special law was passed authorizing suit against the state by a single individual. In holding the law in violation of the equal protection clauses of the state and federal constitutions, that court stated:

" 'A law is not constitutional if it confers particular privileges, or imposes peculiar disabilities or burdensome conditions in the exercise of a common right upon a class of

persons arbitrarily selected from the general body of those that stand in the same relation to the subject of the law. . . . .' [Freeman, note 93 Am. St. Rep. 111.]

". . . . [the act] denies to those not included within its provisions the equal protection of the laws . . . . *It attempts to exempt a single citizen of the State from the general law which precludes all other citizens of the State from recovering damages* . . . . It attempts to create a right to recover . . . in the Courts of the State, and to confer that right—denied to all others—upon a single person. Why should Mrs. Sirrine be exempted from the general law when no other citizen is so exempted? . . ." (Italics ours.)

Quoting from *Bogni v. Perotti,* 224 Mass. 152, 112 N. E. 853 (1916), the South Carolina court said:

" 'It is an essential element of equal protection of the laws that each person shall possess the unhampered right to assert in the Courts his rights. [sic] Without discrimination, by the same processes against those who wrong him as are open to every other person. *The Courts must be open to all upon the same terms. No obstacles can be thrown in the way of some which are not interposed in the path of others. Recourse to the law by all alike without partiality or favor, for the vindication of rights and the redress of wrongs is essential to equality before the law.'*" (Italics ours.)

See *Jack v. State,* 183 Okla. 375, 82 P. (2d) 1033 (1937); *Ellison v. Cass,* 241 S. C. 96, 127 S. E. (2d) 206 (1962).

The plaintiff argues, however, that in the instant case chapter 248 does nothing more than waive the limitation of the statutes which govern the filing of claims against the state; that these statutes exist for the protection of the state alone; and that such waiver does not thereby affect the vested right of anyone having a claim against the state. The plaintiff cites *Fishermen's Co-op. Ass'n v. State,* 198 Wash. 413, 88 P. (2d) 593 (1939), as authority that the state may waive the statutes of limitation in the instant case. *Fishermen's Co-op. Ass'n* is not apposite. There, the waiver was by the attorney general in a court proceeding; here, the waiver is by special law enacted by the legislature. The plaintiff also cites cases from other jurisdictions in support

of this contention. *State v. Fletcher,* 168 Okla. 538, 34 P. (2d) 595 (1934) (distinguished in *Jack v. State, supra);* *Apfelbacher v. State,* 160 Wis. 565, 152 N. W. 144 (1915); *State v. Isbell,* 127 Tex. 399, 94 S. W. (2d) 423 (1936); *Carter v. State,* 49 La. Ann. 1487, 22 So. 400 (1897). We believe the holding in *Sirrine* and supporting cases, *supra,* to be the better reasoning.

The waiver of the limitation for filing claims against the state, by this special enactment (chapter 248), expands the plaintiff's right of recourse in our courts in the prosecution of its claim which, under the same terms, is not equally available to any other person.

The plaintiff also argues that chapter 248, Laws of 1963, is a relief act; that it has long been the established policy of this state that the legislature, as the keeper of the public conscience, may grant relief to specific individuals without violating the special privileges and immunities provision of our state constitution. The plaintiff points out that numerous special bills appropriating funds for relief have been passed by the legislature in discharging its own moral obligation to the individuals entitled thereto, and upheld by this court. *State ex rel. Govan v. Clausen,* 108 Wash. 133, 183, Pac. 115 (1919); *State ex rel. Lister v. Clausen,* 108 Wash. 146, 183 Pac. 120 (1919).

We see no similarity in direct appropriations for relief of certain persons and the method of relief attempted by chapter 248, *supra.* In the special appropriation bills, there are no provisions which afford one person recourse in the courts of our state which is not afforded another.

For the reasons heretofore stated, we hold that chapter 248, Laws of 1963, contravenes Art. 1, § 12, of our state constitution.

In view of our disposition of this appeal, the remaining issues raised need not be considered.

The judgment of the trial court is affirmed.

OTT, C. J., ROSELLINI and HALE, JJ., and FOLEY, J. Pro Tem., concur.