2015 MAR -9 AM 9: 2J


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| BRIAN FISSE, an individual, | ) | No. 70603-9-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEATHER M. GARVIE, an individual, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: March 9, 2015 |
| | ) | |

VERELLEN, A.C.J. — Brian Fisse gave $100,000 to Heather Garvie to help her pay various debts. A jury determined Garvie was unjustly enriched in the amount of $50,000. Fisse contends his undisputed payment of $100,000 to Garvie requires an award of the full $100,000. But it was within the jury's discretion, based on all of the circumstances, to determine the extent to which Garvie was unjustly enriched. Substantial evidence supports the jury's verdict, and the trial court did not abuse its discretion in denying Fisse's motions for judgment as a matter of law including prejudgment interest, additur, and a new trial. We affirm.

## FACTS

Fisse gave Garvie $100,000 to pay her credit card debt, her attorney's fees, and obligations to her ex-husband following a divorce proceeding. Garvie did not repay Fisse. Fisse sued for breach of contract and unjust enrichment.

The trial court instructed the jury on unjust enrichment and the measure of damages:

> To prevail on a claim of unjust enrichment, Plaintiff Brian Fisse has the burden of establishing each of the following propositions:
>
> (1)   That Defendant Heather Garvie received a benefit;
>
> (2)   That Heather Garvie received the benefit at Brian Fisse's expense; and
>
> (3)   That *the circumstances make it unjust* for Heather Garvie to retain the benefit without payment to Brian Fisse.[1]
>
> . . . .
>
> If you find for Plaintiff Brian Fisse on the claim of unjust enrichment, then he is entitled to restitution, or the restoration of any benefit conferred on Defendant Heather Garvie.
>
> This means that Brian Fisse is entitled to the reasonable value of the funds provided to Heather Garvie.[2]

The jury rejected Fisse's theory that the $100,000 payment was a loan to Garvie but entered a special verdict that Garvie was unjustly enriched. The jury filled in $50,000 as the amount of damages. Fisse then sought judgment as a matter of law for $100,000 plus prejudgment interest, additur, and a new trial. The trial court denied all of his posttrial motions.

Fisse appeals the judgment limited to $50,000 and statutory costs.

---

[1] Clerk's Papers (CP) at 45 (emphasis added).

[2] CP at 48. Neither party objected to these instructions; therefore, we treat these instructions as the properly applicable law on appeal. Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005); Guijosa v. Wal-Mart Stores, Inc., 144 Wn.2d 907, 917, 32 P.3d 250 (2001) ("Instructions to which no exceptions are taken become the law of the case.").

## ANALYSIS

The core question presented is whether a fact finder must make an all-or-nothing decision on unjust enrichment liability where money has been given to another person. Unjust enrichment allows recovery of the value of a benefit retained, absent any contractual relationship, if fairness and justice require it.[3] That a defendant has received a benefit from the plaintiff is insufficient to justify recovery. "Liability only attaches where the circumstances of the benefit would make it unjust to retain it."[4]

"We review a trial court's denial of a CR 50 motion for judgment as a matter of law de novo," applying the same standard as the trial court.[5] We must determine whether substantial evidence supports the jury's verdict, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party.[6] When no legally sufficient evidentiary basis exists for a reasonable jury to find for a party on an issue, judgment as a matter of law is proper.[7]

---

[3] Young v. Young, 164 Wn.2d 477, 484, 191 P.3d 1258 (2008); Bailie Commc'ns, Ltd. v. Trend Bus. Sys, Inc., 61 Wn. App. 151, 160, 810 P.2d 12 (1991).

[4] Town Concrete Pipe of Wash., Inc. v. Redford, 43 Wn. App. 493, 499, 717 P.2d 1384 (1986); see also Chandler v. Wash. Toll Bridge Auth., 17 Wn.2d 591, 601, 137 P.2d 97 (1943); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 490, 254 P.3d 835 (2011); Davenport v. Wash. Educ. Ass'n, 147 Wn. App. 704, 728, 197 P.3d 686 (2008).

[5] Gorman v. Pierce County, 176 Wn. App. 63, 74, 307 P.3d 795 (2013).

[6] Armantrout v. Carlson, 141 Wn. App. 716, 721-22, 170 P.3d 1218 (2007), reversed on other grounds, 166 Wn.2d 931, 214 P.3d 914 (2009).

[7] CR 50(a)(1); Faust v. Albertson, 167 Wn.2d 531, 538, 222 P.3d 1208 (2009) ("A judgment as a matter of law requires the court to conclude, 'as a matter of law, that there is no substantial evidence or reasonable inferences to sustain a verdict for the nonmoving party.'" (quoting Indus. Indem. Co. of the Nw. v. Kallevig, 114 Wn.2d 907, 915-16, 792 P.2d 520 (1990))).

Fisse's syllogism is: (1) Fisse gave Garvie $100,000; (2) the jury determined Garvie was unjustly enriched; and (3) therefore, Fisse's damages for unjust enrichment must be $100,000 as a matter of law. But he cites no authority for this all-or-nothing approach to damage awards in money payment, unjust enrichment cases. The parties do not dispute Fisse gave Garvie $100,000, but it does not follow that Garvie was unjustly enriched for the full $100,000. The fact finder has the discretion to decide the extent to which the "circumstances make it unjust"[8] for Garvie to retain all or any portion of the money she received from Fisse.

Contrary to Fisse's contention, the record provides substantial evidence to support the jury's verdict limited to $50,000. Among other circumstances, testimony reflects that Garvie regularly cooked meals for Fisse, Fisse regularly stayed the night at Garvie's house, Fisse did not pay rent when he stayed at Garvie's house from time to time, and Fisse did not pay any of Garvie's household bills. The jury could reasonably determine that, under all of the circumstances, it was only unjust for Garvie to retain a portion of the money she received from Fisse. The jury could also reasonably determine, consistent with Garvie's theory at trial, that part of the $100,000 was intended as a gift and thus not subject to restitution. Therefore, it was within the jury's province to determine that only $50,000 was unjustly retained by Garvie.

Fisse cites Restatement (First) of Restitution, arguing that when "the benefit received was money, the measure of recovery . . . is the amount of money

---

[8] CP at 45.

received."[9] But that rule does not support recovery for the entire amount given to Garvie if the jury determined the circumstances make it unjust to retain only part of the payment.[10] Therefore, because it was the jury's role to weigh all of the circumstances to determine what amount Garvie was unjustly enriched, and because substantial evidence supports the jury's verdict, the trial court did not err in denying Fisse's motion for judgment as a matter of law.

Fisse challenges the trial court's denial of prejudgment interest, arguing prejudgment interest should have been awarded. We disagree.

We review a denial of prejudgment interest for abuse of discretion.[11] Prejudgment interest is recoverable for either liquidated claims or claims that are ascertainable with certainty prior to the entry of judgment.[12] A liquidated claim exists when "'the amount of prejudgment interest can be determined from the evidence with

---

[9] RESTATEMENT (FIRST) OF RESTITUTION § 150 (1937).

[10] Section 150 of the *Restatement (First) of Restitution* "does not determine the amount which a successful party is entitled to recover." Id. § 150 cmt. a; see also Coast Trading Co. v. Parmac, Inc., 21 Wn. App. 896, 902-03, 587 P.2d 1071 (1978) (holding that, under an unjust enrichment theory, a portion of money that had been paid to another was not unjustly retained); see generally McGrath v. Hilding, 41 N.Y.2d 625, 629-30, 363 N.E.2d 328 (1977) (holding that a theory of unjust enrichment based upon a woman's expenditure of funds to remodel her ex-husband's home requires an analysis of the extent to which the enrichment was unjust under all of the circumstances, including the woman's conduct); Schirmer v. Souza, 126 Conn. App. 759, 763, 12 A.3d 1048 (2011) ("With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, . . . it becomes necessary . . . to examine the circumstances and the conduct of the parties and apply this standard.").

[11] Polygon Nw. Co. v. Am. Nat'l Fire Ins. Co., 143 Wn. App. 753, 790, 189 P.3d 777 (2008).

[12] Bailie Commc'ns, Ltd., 61 Wn. App. at 162.

5

exactness and without reliance on opinion or discretion.'"[13] Damages "that cannot be calculated without the use of discretion are not liquidated."[14] The claim's original character—rather than the court's ultimate method for awarding damages—determines whether prejudgment interest is available.[15]

The trial court here properly denied prejudgment interest. Fisse's claim and resulting award were based upon the amount that Garvie unjustly retained. The claim's original character gave the jury discretion to apply an equitable standard. Because the jury calculated damages using its discretion, Fisse's claim is neither liquidated nor ascertainable with certainty prior to the entry of judgment.[16]

Fisse cites the Restatement (Third) of Restitution and Unjust Enrichment, arguing liability in restitution for the payment of money normally includes prejudgment interest from the date of payment.[17] But "when the amount of the defendant's liability is liquidated only upon judgment," as here, "prejudgment interest is more likely to be

---

[13] Stevens v. Brink's Home Security, Inc., 162 Wn.2d 42, 50, 169 P.3d 473 (2007) (quoting Bostain v. Food Exp., Inc., 159 Wn.2d 700, 723, 153 P.3d 846 (2007)).

[14] Dep't of Corr. v. Fluor Daniel, Inc., 160 Wn.2d 786, 789, 161 P.3d 372 (2007); Aker Verdal A/S v. Neil F. Lampson, Inc., 65 Wn. App. 177, 191, 828 P.2d 610 (1992) ("[W]hen determining the measure of damages requires the exercise of discretion by the fact-finder, the claim is unliquidated.").

[15] Irwin Concrete, Inc. v. Sun Coast Props., Inc., 33 Wn. App. 190, 200, 653 P.2d 1331 (1982).

[16] E.g., Kiewit-Grice v. State, 77 Wn. App 867, 873, 895 P.2d 6 (1995) ("'[A] defendant should not be required to pay prejudgment interest in cases where he is unable to ascertain the amount owed." (quoting CKP, Inc. v. GRS Const. Co., 63 Wn. App. 601, 614, 721 P.2d 63 (1991))).

[17] RESTATEMENT (THIRD) OF RESTITUTION and UNJUST ENRICHMENT § 53(4) (2011).

6

denied."[18] Because Fisse's claim was unliquidated and unascertainable prior to the entry of judgment, prejudgment interest was unavailable. Therefore, the trial court did not abuse its discretion in denying prejudgment interest.

Fisse contends the trial court erred in denying his motions for a new trial and additur. We disagree.

We review a denial of a new trial or additur for abuse of discretion.[19] "Juries have considerable latitude in assessing damages, and a jury verdict will not be lightly overturned."[20] "We will not disturb a jury award 'unless it is outside the range of substantial evidence, shocks the conscience of the court, or was the result of passion or prejudice.'"[21] We presume the amount of damages awarded by the jury's verdict was correct.[22] But if the record reflects the damages awarded by a jury verdict "were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice," a new trial or additur may be an appropriate remedy.[23]

---

[18] Id. § 53 cmt. e.

[19] Locke v. City of Seattle, 162 Wn.2d 474, 486, 172 P.3d 705 (2007); Mutual of Enumclaw Ins. Co. v. Gregg Roofing, Inc., 178 Wn. App. 702, 727, 315 P.3d 1143 (2013).

[20] Herriman v. May, 142 Wn. App. 226, 232, 174 P.3d 156 (2007).

[21] RWR Mgmt., Inc., 133 Wn. App. at 274 (quoting Stevens v. Gordon, 118 Wn. App. 43, 54, 74 P.3d 653 (2003)); see also Bunch v. King County Dep't of Youth Servs., 155 Wn.2d 165, 179, 116 P.3d 381 (2005); Herriman, 142 Wn. App. at 232 ("A trial court has no discretion to disturb a verdict within the range of evidence.").

[22] RCW 4.76.030; Bunch, 155 Wn.2d at 179 ("We strongly presume the jury's verdict is correct.").

[23] RCW 4.76.030; Robinson v. Safeway Stores, Inc., 113 Wn.2d 154, 161, 776 P.2d 676 (1989).

The trial court here did not abuse its discretion in denying Fisse's motions for a new trial and additur. As discussed above, although the parties do not dispute that Fisse gave Garvie $100,000, Garvie testified that she regularly cooked meals for Fisse; Fisse regularly stayed at her house; Fisse did not pay rent when he stayed at her house; and Fisse did not pay any of her household bills. The jury's verdict—that only $50,000 was unjustly retained—is well within the range of evidence presented. No evidence in the record suggests that the jury's damages award is so inadequate as to indicate it must have been the result of passion or prejudice. Therefore, the trial court did not abuse its discretion in denying Fisse's motions for a new trial and additur.

We affirm.

WE CONCUR:

8