IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| ELVIRA DAVISON, | ) | No. 77652-5-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KING COUNTY, KING COUNTY | ) | |
| SHERIFF'S OFFICE, KING COUNTY | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF PUBLIC DEFENSE | ) | |
| And KING COUNTY ASSOCIATED | ) | FILED: October 14, 2019 |
| COUNSEL FOR THE ACCUSED, | ) | |
| | ) | |
| Respondent. | ) | |

VERELLEN, J. — After nonprofit law firm Associated Counsel for the Accused

(ACA) fired Elvira Davison for violating policies regarding client funds, Davison

sued King County, the King County Department of Public Defense (DPD), and the

King County Associated Counsel for the Accused (KCACA) for employment

discrimination and related torts. Although ACA is a separate entity distinct from

King County, DPD, or KCACA, Davison sued under a theory of successor liability

as a matter of law based on Dolan v. King County.[1] Because the narrow facts in

Dolan do not support successor liability as a matter of law for employment

_____

[1] 172 Wn.2d 299, 258 P.3d 20 (2011).

discrimination or other torts, and the record does not support any other theory of successor liability, the trial court properly granted summary judgment on all claims.

Therefore, we affirm.

## FACTS

ACA was a private, nonprofit law firm founded in 1973. Under a contract with King County, ACA provided indigent criminal defense and dependency services for the county. ACA employed Davison as a forensic social worker until she was fired on May 30, 2013. That July, the county terminated its contracts with ACA and all other private law firms providing similar services. In November, King County voters passed a county charter amendment authorizing the creation of DPD and its subdivisions. The county began providing all indigent defense services through newly created DPD and its subdivisions, including KCACA. ACA rebranded itself Irving C. Paul Law Group (ICPLG), stopped providing indigent legal services, and began distributing its remaining funds with the intent of dissolving itself.

Davison first filed suit in July of 2016. Her original complaint named King County, the King County Sheriff's Office, DPD, and KCACA as defendants.[2] It did not name ACA or ICPLG as defendants. Davison later filed an amended complaint naming King County, the King County Sheriff's Office,[3] DPD, and "King

---

[2] Clerk's Papers (CP) at 2.

[3] Davison stipulated to dismissal of the King County Sheriff's Office as a defendant during the pendency of this appeal.

County Associated Counsel for the Accused aka Irving C. Paul Law Group" as defendants.[4] Davison asserted that she "worked for [KCACA], originally known as Irving C. Paul Law Group."[5]

The court initially relied on Dolan v. King County[6] to conclude that ACA and King County were the same organization as a matter of law. The court later granted summary judgment and dismissed all of Davison's claims.

Davison appealed. King County[7] cross appealed the court's conclusion that it is a successor to ACA.

## ANALYSIS

We review an order granting summary judgment de novo.[8] Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."[9] We view the evidence in a light most favorable to the nonmoving party.[10] Because Davison's

---

[4] CP at 493.

[5] CP at 494.

[6] 172 Wn.2d 299, 258 P.3d 20 (2011).

[7] We refer to King County to include agencies DPD and KCACA except where otherwise noted.

[8] Loeffelholz v. Univ. of Wash., 175 Wn.2d 264, 271, 285 P.3d 854 (2012).

[9] CR 56(c); Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008) (quoting Locke v. City of Seattle, 162 Wn.2d 474, 483, 172 P.3d 705 (2007)).

[10] Loeffelholz, 175 Wn.2d at 271.

claims depend upon her arguments that King County is a successor in interest to ACA as a matter of law,[11] we begin by considering King County's cross appeal.

King County contends Dolan is "not comparable" to the case here and does not establish its liability either vicariously or as a successor.[12] Dolan held "that [King County] has exerted such a right of control over [ACA and other] defender organizations as to make them agencies of the county."[13] Davison relies on this holding to argue ACA has been an agency of King County since Dolan was decided in 2011 and thus is a successor in interest to ACA. But Dolan is limited to the narrow legal issue it decided.

In Dolan, the court considered whether private law firms contracted to provide indigent defense, such as ACA, were an "arm and agency" of King County solely to determine whether their employees were "public employees" under the Public Employee Retirement System (PERS) statute, RCW 41.40.010(12).[14] The court applied the "right of control" test, which is typically used to determine whether an employment relationship between two parties is that of employer and

---

[11] See Report of Proceedings (RP) (Aug. 25, 2017) at 150-51 (Davison stating that ICPLG does not need to be served as an individual party "because we already have King County" and acknowledging "If [ICPLG] is not considered a part of the county, and they are a separate nonprofit, private entity . . . then the argument that they could be brought in or should be brought in as a separate party should stand."). Notably, at the conclusion of that hearing, the court ruled, "As a matter of law . . . ICPLG is not a separately named defendant in this lawsuit." Id. at 164.

[12] Resp't's Br. at 43.

[13] Dolan, 172 Wn.2d at 320.

[14] Id. at 315.

employee or employer and independent contractor.[15] The court considered the county's degree of control over the law firms' budgeting and operational decisions. On this analysis, the court concluded "the county has exerted such a right of control over the defender organizations as to make them agencies of the county."[16]

Recently in LaRose v. King County,[17] Division Two of this court considered whether Dolan required holding King County vicariously liable for conduct of the Public Defender Association (PDA), an equivalent entity to ACA. The plaintiff, a former PDA employee, argued King County was vicariously liable under Dolan for PDA's alleged violations of the Washington Law Against Discrimination,[18] including hostile work environment, negligence, and discrimination.[19] But "Dolan [was] not directly applicable" because "[t]he court's holding in Dolan was limited to the context of retirement benefits eligibility."[20] The fact-specific nature of the right of control test meant Dolan's holding could not be mechanistically applied to a question of vicarious liability.[21] Because the legal issues and facts differed in LaRose from Dolan, the court declined to conclude King County was vicariously

---

[15] Id. at 314 (citing Hollingbery v. Dunn, 68 Wn.2d 75, 80-81, 411 P.2d 431 (1966)).

[16] Id. at 320.

[17] 8 Wn. App. 2d 90, 437 P.3d 701 (2019).

[18] Ch. 49.60 RCW.

[19] LaRose, 8 Wn. App. 2d at 129.

[20] Id.

[21] Id. at 129-30.

liable as a matter of law.[22] Under the circumstances in LaRose, the right of control test showed King County was not vicariously liable for PDA's conduct.[23]

We agree with the LaRose court that Dolan is a narrow decision confined only to issues of PERS eligibility. It does not compel the conclusion that King County is vicariously liable for ACA's conduct. Notably, under the right of control test relied upon in Dolan, King County had no control over and no involvement in ACA's personnel decisions regarding Davison, including her claims for unemployment benefits and for relief through the Equal Opportunity Employment Commission and National Labor Relations Board. Because King County had no control over Davison's termination, it is not vicariously liable for the termination itself or any harm resulting from it.

Nor is King County ACA's successor under Dolan. Despite Dolan's broadly written holding, nothing in the decision's reasoning suggests the Supreme Court intended to make King County ACA's successor as a matter of law. Questions of successor liability are distinct from questions of vicarious liability. Aside from Dolan, Davison offers no Washington authority to show that a government agency can be the successor to a private corporation. Further, Davison offers no authority establishing that such a successor would be liable for the predecessor's discriminatory or tortious conduct. Consistent with LaRose, Dolan is limited to its

---

[22] Id. at 130.

[23] Id.

6

narrow facts and, thus, is legally distinguishable. It does not stand for the proposition that King County is subject to successor liability as a matter of law.

Davison raises other theories of successor liability in her response to King County's cross appeal. But as her trial attorney admitted, "I don't have the documentation," to prove successor liability.[24] Consistent with this admission, the appellate record does not support a finding of successor liability.

Dolan is narrowly limited to eligibility for retirement benefits. Davison fails to show King County is ACA's successor. The trial court did not err by dismissing all claims against the only named defendants, King County, KCACA, and DPD. Because all of Davison's theories of liability depend upon successor liability, we need not consider the issues raised by her appeal.

We affirm.

WE CONCUR:

---

[24] RP (June 30, 2017) at 56.

7